THOMAS BELCHER AND WIFE, BARBARA BELCHER, Plaintiffs v. FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF NORTH CAROLINA, INC., AND FLEETWOOD HOMES OF VIRGINIA, Defendants

No. COA02-1683

(Filed 6 January 2004)

**1. Civil Procedure— motion to dismiss converted to motion for summary judgment—matters outside pleading**

The trial court did not err in an unfair and deceptive trade practices case by converting defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, because: (1) Rule 12(b) provides that if on a motion to dismiss made pursuant to Rule 12(b)(6) matters outside of the

pleadings are presented to and not excluded by the court, the motion is to be treated as a summary judgment motion under Rule 56, and that is what happened in this case; and (2) plaintiffs, through their counsel, fully participated in the hearing and cannot now complain that they were denied a reasonable opportunity to present materials to the court.

**2. Unfair Trade Practices— damages—actual injury—summary judgment**

The trial court did not err in an unfair and deceptive trade practices case by granting summary judgment in favor of defendants, because: (1) plaintiffs must prove they suffered actual injury as a result of defendants' unfair and deceptive act in order to recover damages; and (2) plaintiff husband admitted in his deposition that he has not suffered actual injury proximately caused by any alleged unfair and deceptive acts by defendants.

Appeal by plaintiffs from judgment entered 23 August 2002 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 15 September 2003.

*Shipman & Hodges, L.L.P., by Gary K. Shipman and William G. Wright, and Ness Motley, P.A., by Edward B. Cottingham, Jr., for plaintiff-appellants.*

*Young Moore & Henderson, P.A., by Glenn C. Raynor, and Nelson Mullins Riley & Scarborough, by S. Keith Hutto and William H. Latham for defendant-appellees.*

STEELMAN, Judge.

Plaintiffs, Thomas and Barbara Belcher, appeal the order of the trial court dismissing their claim against defendants pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure and granting summary judgment in favor of defendants. For the reasons discussed herein, we affirm.

This action was instituted by plaintiffs against defendants on 6 July 2001. Plaintiffs' complaint and amended complaint assert a single cause of action against defendants for unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes. In addition to plaintiffs' individual claims, their complaint asserts a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure on behalf of similarly situated individuals. In their com-

plaint, plaintiffs make the following allegations: Plaintiffs own a mobile home, which is secured to the ground by a "soil anchor tie-down system." Plaintiffs purchased their home from RC Manufactured Homes of Greenville, a retailer who is not a party to this action. Defendants Fleetwood Homes of Virginia, Inc. and Fleetwood Homes of North Carolina, Inc. are engaged in the business of manufacturing mobile homes. They are subsidiaries of defendant Fleetwood Enterprises, Inc., a non-manufacturing holding company. Mobile homes manufactured by defendants are marketed and sold in North Carolina and other states.

The United States Department of Housing and Urban Development (HUD) promulgates regulations pertaining to the manufactured housing industry which require all mobile home manufacturers to designate in their consumer manual at least one method to support and anchor their mobile homes. The Commissioner of Insurance of the State of North Carolina is authorized to adopt rules to carry out the regulations adopted by HUD. N.C. Gen. Stat. § 143-146(e) (2003). The mobile home is anchored to prevent personal injury and property damage caused by movement of the mobile home during high winds.

Defendants designate in their consumer manual that the "soil anchor tie-down system" is recommended for use on their homes. Additionally, defendants equip their mobile homes with clips and corner straps to be used with a soil anchor tie-down system. The consumer manuals accompanying defendants' mobile homes direct purchasers of their homes to use the anchors and straps. Defendants instruct retailers of their mobile homes to inform purchasers that the homes are safe and secure when installed with the soil anchor tie-down system, thereby promoting the sale of soil anchor tie-down systems. Consumers rely on these assertions when purchasing their mobile homes. Defendants make these recommendations despite knowledge of testing that indicates the soil anchor tie-down system is defectively designed and does not safely secure a mobile home in high winds. This testing was reported in well-know industry publications, government publications and publications maintained and indexed by the Manufactured Housing Institute.

Plaintiffs are owners of mobile homes manufactured by defendants, which are secured to the ground by a soil anchor tie-down system. The soil anchor tie-down system specified for use with their mobile homes is "defective and unreasonably dangerous in that it does not meet the minimum resistance standards set forth by federal

and state regulations." As a result of this defect, plaintiffs are exposed to the risk of personal injury and property damage during high winds. This risk is exacerbated by the fact that defendants have led plaintiffs to believe that their homes are safe and secure when the soil anchor tie-down system is in use.

The deposition of plaintiff, Thomas Belcher, was taken on 15 November 2001. On 14 March 2002, defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs filed the affidavit of plaintiff, Thomas Belcher, on 9 July 2002 in opposition to defendants' motions. On 12 July 2002, the trial court heard defendants' motions to dismiss. On 23 August 2002, the trial court entered an order granting defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The trial court also converted defendants' 12(b)(6) motion to a summary judgment motion and granted summary judgment in favor of defendants. Plaintiffs appeal, arguing that the trial court erred in granting defendants' motions to dismiss, converting defendants' 12(b)(6) motion to a motion for summary judgment, and granting summary judgment.

The basis for the dismissal of plaintiffs' claims by the trial court under Rules 12(b)(1), 12(b)(6), and 56 was identical. Each ruling was based upon the plaintiffs' failure to either properly plead or present evidence that the plaintiffs had suffered an "actual injury" as required under Chapter 75. We find that the trial court properly dismissed plaintiffs' claims under Rule 56, and limit our discussion to the plaintiffs' assignments of error pertaining to this issue.

[1] Plaintiffs first contend that the trial court erred in converting defendants' Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. We disagree.

Rule 12(b) provides that if on a motion to dismiss made pursuant to Rule 12(b)(6), matters outside of the pleadings are presented to and not excluded by the court, the motion is to be treated as a summary judgment motion under Rule 56. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2003). In this case, defendants presented to the court the deposition of plaintiff, Thomas Belcher, and plaintiffs presented the affidavit of the plaintiff, Thomas Belcher, the affidavit of Tim Hushion, the affidavit of Jimmy Ward, excerpts from the deposition of William Crawford Farish IV, excerpts from the deposition of Jerome Moriarty, and excerpts from the deposition of Robert Henry. None of these submissions were excluded by the trial court.

Plaintiffs now contend that they were not afforded a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* At the hearing before Judge Duke, plaintiffs did not request a continuance or additional time to produce evidence under Rule 56(f). Plaintiffs, through their counsel, fully participated in the hearing and cannot now complain that they were denied a reasonable opportunity to present materials to the court. *Knotts v. City of Sanford,* 142 N.C. App. 91, 97-98, 541 S.E.2d 517, 521 (2001).

Plaintiffs further contend that they objected to the trial court's consideration of matters outside the pleadings, except for the limited purpose of contesting the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). As noted above, the basis of defendants' motions was a lack of "actual injury." The submissions of both the plaintiffs and defendants dealt with this issue. Further, the submissions of plaintiffs to the trial court were not limited to the issue of subject matter jurisdiction.

The standard of review of a trial court's decision to convert a Rule 12(b)(6) motion to a Rule 56 motion is abuse of discretion. *See Raintree Homeowners Assoc. v. Raintree Corp.,* 62 N.C. App. 668, 673-74, 303 S.E.2d 579, 582, *disc. rev. denied,* 309 N.C. 462, 307 S.E.2d 355 (1983). In this case, the trial court, upon consideration of matters outside the pleadings submitted by both plaintiffs and defendants, properly converted defendants' Rule 12(b)(6) motion into a Rule 56 motion. This was not an abuse of discretion. This assignment of error is without merit.

**[2]** Plaintiffs next contend that the trial court erred by granting summary judgment in favor of defendants. We disagree.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to <u>any</u> material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003) (emphasis added). A party moving for summary judgment satisfies its burden of proof (1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Lowe v. Bradford,* 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to set forth specific

**BELCHER v. FLEETWOOD ENTERS., INC.**

[162 N.C. App. 80 (2004)]

facts showing there is a genuine issue of material fact as to that essential element. *Id.* at 369-70, 289 S.E.2d at 366.

Unfair or deceptive acts or practices in or affecting commerce are unlawful in North Carolina. N.C. Gen. Stat. § 75-1.1 (2003). To prevail on a claim for unfair and deceptive trade practices, plaintiffs must show: (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) which proximately caused actual injury to plaintiffs. *Canady v. Mann*, 107 N.C. App. 252, 260, 419 S.E.2d 597, 602 (1992). Thus, to recover damages, plaintiffs must prove they suffered actual injury as a result of defendants' unfair and deceptive act. *See Mayton v. Hiatt's Used Cars*, 45 N.C. App. 206, 212, 262 S.E.2d 860, 864, *disc. rev. denied*, 300 N.C. 198, 269 S.E.2d 624 (1980).

Actual injury may include the loss of the use of specific and unique property, the loss of any appreciated value of the property, and such other elements of damages as may be shown by the evidence. *Poor v. Hill*, 138 N.C. App. 19, 34, 530 S.E.2d 838, 848 (2000). "The measure of damages used should further the purpose of awarding damages, which is 'to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money.'" *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 233, 314 S.E.2d 582, 585, *disc. rev. denied*, 311 N.C. 751 321 S.E.2d 126 (1984) (quoting *Phillips v. Chesson*, 231 N.C. 566, 571, 58 S.E.2d 343, 347 (1950)).

In his deposition, plaintiff admitted that he did not rely on defendants' recommendation of the soil anchor tie-down system when he purchased his mobile home. In fact, he did not read the consumer manual which specified the soil anchor tie-down system as the recommended method to secure defendants' mobile homes. In addition, defendants did not make any representations to plaintiff regarding the soil anchor tie-down system prior to his purchase of the mobile home. Furthermore, plaintiff stated that his mobile home withstood two hurricanes without damage to the soil anchor tie-down system. During the course of Mr. Belcher's deposition, the following examination took place:

Q: Have you suffered any damages of any kind that you're aware of that are related to the anchor tie-downs themselves?

. . .

A: No.

Q: You have not suffered any damages?

A: No.

Q: Can you say no, I have not suffered any damages.

A: No, I have not suffered any damages. ·

. . .

Q: Did you think that there was a problem to address with the anchor system before you received the letter from the attorney?

A: No, sir.

In his affidavit filed in response to defendants' motions to dismiss, Mr. Belcher stated that defendants caused damage to him and his wife "when they had us purchase the defective soil anchor tie down system that they recommended." However, considering plaintiff's prior admissions in his deposition, this affidavit alone is insufficient to create an issue of material fact to overcome summary judgment. *See Wachovia Mortg. Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App., 1, 9, 249 S.E.2d 727, 732 (1978) (stating that a non-moving party cannot create an issue of fact to defeat summary judgment simply by filing an affidavit contradicting his prior sworn testimony).

Plaintiff, Thomas Belcher, admitted in his deposition that he has not suffered actual injury proximately caused by any alleged unfair and deceptive acts by the defendants. This is a "fatal weakness" in plaintiffs' claim, and the trial court correctly granted summary judgment in favor of defendants. *See Dalton v. Camp*, 353 N.C. 647, 650, 548 S.E.2d 704, 707 (2001). This assignment of error is without merit.

We note that an opinion reversing the trial court's dismissal of an unfair and deceptive trade practices claim in *Coley v. Champion Home Builders*, 162 N.C. App. 163, 590 S.E.2d 20, *cert. denied*, —— N.C. ——, —— S.E.2d —— (2004), was filed contemporaneously with this opinion. The complaint in *Coley* contained specific language pertaining to the actual injury alleged, which is not found in plaintiffs' complaint in the instant case. Further, in *Coley* there were no matters presented to the trial court outside of the pleadings, whereas the instant case was decided under Rule 56.

Because we hold that the granting of summary judgment in favor of defendants was appropriate, we need not reach plaintiffs' remaining assignments of error.

AFFIRMED.

Chief Judge EAGLES and Judge McCULLOUGH concur.