CLEVELAND E. COLEY, JR., AND WIFE SHARON COLEY, AND EDWIN DAVIS, Plaintiffs v. CHAMPION HOME BUILDERS CO. F/K/A CHB MERGER CORP., AND REDMAN HOMES, INC. F/K/A REDMAN MOBILE HOMES, INC., Defendants

No. COA02-1697

(Filed 6 January 2004)

**Unfair Trade Practices— sale of mobile home tie-downs—allegations sufficient**

Plaintiff's allegations of actual injury were sufficient to state a claim for unfair and deceptive acts in marketing soil anchor tie-downs for mobile homes.

Appeal by plaintiffs from judgment entered 22 August 2002 by Judge James R. Vosburgh in Pender County Superior Court. Heard in the Court of Appeals 15 September 2003.

*Shipman & Hodges, L.L.P., by Gary K. Shipman and William G. Wright, and Ness Motley, P.A., by Edward B. Cottingham, Jr., for plaintiff-appellants.*

*Adams Kleemeier Hagan Hannah & Fouts, P.L.L.C., by J. Alexander S. Barrett and J. Scott Hale, for defendant-appellee.*

STEELMAN, Judge.

Plaintiffs appeal the order of the trial court dismissing their claim against defendant, Champion Home Builders Co., for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

This action was instituted by plaintiffs in the Superior Court of Pender County against defendants Champion Home Builders Co., Champion Enterprises, and Redman Homes, Inc. on 3 May 2001. On 5 June 2001, this action was removed to the United States District Court for the Eastern District of North Carolina. On 26 February 2002, the Honorable James C. Fox, Senior United States District Judge entered an order dismissing plaintiffs' complaint as to defendant Champion Enterprises, Inc. for lack of personal jurisdiction and allowing plaintiffs' motion to remand the case to the state courts of North Carolina. On 14 August 2002, defendants renewed their motion to dismiss before the Superior Court of Pender County. Prior to the hearing on the motion, plaintiffs voluntarily dismissed their claims against defendant Redman Homes, Inc. This left Champion Home Builders, Inc. (Champion) as the only remaining defendant. On 19 August 2002, the trial court dismissed plaintiffs' complaint as to Champion.

Plaintiffs' complaint and amended complaint assert a single cause of action against Champion for unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes. In addition to plaintiffs' individual claims, their complaint asserts a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure on behalf of similarly situated individuals.

In their complaint and amended complaint, plaintiffs make the following allegations: Champion manufactures mobile homes which are marketed and sold in North Carolina and other states. The United

**COLEY v. CHAMPION HOME BUILDERS CO.**

[162 N.C. App. 163 (2004)]

States Department of Housing and Urban Development (HUD) promulgates regulations pertaining to the manufactured housing industry that require all mobile home manufacturers to designate in their consumer manual at least one method to support and anchor their mobile homes. The Commissioner of Insurance of the State of North Carolina is authorized to adopt rules to carry out the regulations adopted by HUD. N.C. Gen. Stat. § 143-146(e) (2003). The mobile home is anchored in order to prevent personal injury and property damage caused by movement of the mobile home during high winds.

Champion designates in its consumer manual that the "soil anchor tie-down system" is recommended for use on its homes. In addition, Champion manufactures its mobile homes with clips and corner straps to be used with a soil anchor tie-down system. The consumer manuals accompanying Champion's mobile homes direct purchasers of their homes to use the anchors and straps. Champion instructs retailers of its mobile homes to inform purchasers that the homes are safe and secure when installed with the soil anchor tie-down system, thereby promoting the sale of soil anchor tie-down systems. Consumers rely on these assertions when purchasing their mobile homes. Champion makes these recommendations despite knowledge of testing that indicates the soil anchor tie-down system is defectively designed and does not safely secure a mobile home in high winds. This testing was reported in well-known industry publications, government publications and publications maintained and indexed by the Manufactured Housing Institute.

Plaintiffs are each owners of mobile homes manufactured by Champion, which are secured to the ground by a soil anchor tie-down system. The soil anchor tie-down system specified for use with their mobile homes is "defective and unreasonably dangerous in that it does not meet the minimum resistance standards set forth by federal and state regulations." As a result of this defect, plaintiffs are exposed to the risk of personal injury and property damage during high winds. This risk is exacerbated by the fact that Champion has led plaintiffs to believe that their homes are safe and secure when the soil anchor tie-down system is in use. Plaintiffs have been damaged by purchasing a system that does not meet HUD standards, and they will incur expenses to procure a replacement system to properly secure their homes.

The sole issue argued by the parties in this appeal is whether plaintiffs have made a sufficient allegation of actual injury to survive a motion to dismiss for failure to state a claim upon which relief may

be granted. A motion to dismiss for failure to state a claim upon which relief may be granted challenges the legal sufficiency of a pleading. *Walker v. Sloan*, 137 N.C. App. 387, 392, 529 S.E.2d 236, 241 (2000). In ruling on a motion to dismiss under Rule 12(b)(6), a court must determine whether, taking all allegations in the complaint as true, relief may be granted under <u>any</u> recognized legal theory. *Taylor v. Taylor*, 143 N.C. App. 664, 668, 547 S.E.2d 161, 164 (2001).

Unfair or deceptive acts or practices in or affecting commerce are unlawful in North Carolina. N.C. Gen. Stat. § 75-1.1 (2003). To prevail on a claim for unfair and deceptive trade practices, plaintiffs must show: (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) which proximately caused actual injury to plaintiffs. *Canady v. Mann*, 107 N.C. App. 252, 260, 419 S.E.2d 597, 602 (1992). Thus, to recover damages, plaintiffs must prove they suffered actual injury as a result of defendant's unfair and deceptive act. *See Mayton v. Hiatt's Used Cars, Inc.*, 45 N.C. App. 206, 212, 262 S.E.2d 860, 864, *disc. rev. denied*, 300 N.C. 198, 269 S.E.2d·624 (1980).

Actual injury may include the loss of the use of specific and unique property, the loss of any appreciated value of the property, and such other elements of damages as may be shown by the evidence. *Poor v. Hill*, 138 N.C. App. 19, 34, 530 S.E.2d 838, 848 (2000). "The measure of damages used should further the purpose of awarding damages, which is 'to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money.' " *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 233, 314 S.E.2d 582, 585, *disc. rev. denied*, 311 N.C. 751 321 S.E.2d 126 (1984) (quoting *Phillips v. Chesson*, 231 N.C. 566, 571, 58 S.E.2d 343, 347 (1950)). Moreover, the treble damages provision of Chapter 75 was created in part because the remedies for fraud, breach of contract, and breach of warranty often were ineffective. *Canady*, 107 N.C. App. at 260, 419 S.E.2d at 602 (1992). Thus, "it would be illogical to hold that only those methods of measuring damages could be used" to determine the actual injury suffered by a Chapter 75 plaintiff. *Id.* (quoting *Bernard*, 68 N.C. App. at 232, 314 S.E.2d at 585).

In their complaint, plaintiffs allege they should be awarded "the costs that they have incurred to purchase and install the defective soil anchor/tie down system or . . . the costs [to] retro-fit their tie-down system to one that provides a safe and reliable method to secure the homes in severe weather conditions and meets the minimal govern-

mental standards." When viewed in the light most favorable to plaintiffs, this is a sufficient allegation of actual injury to state a claim for unfair and deceptive trade practices.

Because plaintiffs' complaint contains allegations that they suffered actual injury proximately caused by Champion's unfair and deceptive acts, the trial court erred in dismissing plaintiffs' claim. "It will be plaintiffs' substantial burden, as this case progresses, to provide sufficient evidence to support their claim that they have suffered actual injury as a result of [Champion's] actions. At this juncture, however, they are entitled to proceed with their claims." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 37, 568 S.E.2d 893, 902-03 (2002), *cert. denied*, 157 L. Ed. 2d 310, —— U.S. —— (2003).

REVERSED.

Chief Judge EAGLES and Judge McCULLOUGH concur.