McGEE, Judge.
Bobby Ray Proctor (plaintiff) filed a complaint alleging claims of intentional infliction of emotional distress and negligent infliction of emotional distress as a result of ridicule and harassment by Mark Yates, Derek Wells, Roger Fowler, Chris Warren and David Mann (collectively employee defendants).
Plaintiff also alleged that Johnson Body Shop, Inc. (Johnson Body Shop), Lemmuel O. Johnson, Jr. (Johnson), and Matt Brown (Brown) (collectively employer defendants) failed to stop the complained of conduct, instead expressly approving and ratifyingit. Plaintiff alleged that the actions of employer defendants constituted negligent hiring, retention, and supervision. In an answer and counterclaim filed 24 January 2002, all defendants moved to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). In addition, both Johnson Body Shop and Brown asserted counterclaims against plaintiff. Plaintiff replied to these counterclaims on 28 March 2002. Defendants moved for summary judgment in a motion dated 25 November 2002. In an order filed 16 January 2003, the trial court granted the motion by all defendants for summary judgment and dismissed plaintiff's complaint. The trial court further granted summary judgment in favor of Johnson Body Shop against plaintiff in the amount of $527.61 and in favor of Brown against plaintiff in the amount of $5,000.00. Plaintiff appeals.
Plaintiff was employed as a technician by Johnson Body Shop from 1997 until 1999 and again from January 2000 until July 2001. Plaintiff alleged that during his second tenure at Johnson Body Shop he was "subjected to extreme and outrageous ridicule and harassment by his co-workers" and that employer defendants did nothing to stop this ridicule and harassment. In addition, plaintiff named Johnson Body Shop, Johnson, and Brown as defendants under the theory of respondeat superior. In his brief, plaintiff notes multiple events of ridicule and harassment by employee defendants, including, but not limited to, numerous practical jokes, writings, photographs, songs, poems, and signs ridiculing plaintiff. In his affidavit, plaintiff testified that thisharassment resulted in his hospitalization and treatment for major depression and suicidal ideations. Plaintiff also stated in his affidavit that he complained to both Brown and Johnson on numerous occasions about the ridicule and harassment and that both Brown and Johnson observed much of the complained of conduct firsthand. However, the harassment never ceased and Brown and Johnson never disciplined or terminated any employee defendants.
Plaintiff argues the trial court erred in finding that there was no genuine issue of material fact as to his claims. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003) provides that summary judgment is appropriate when the evidence submitted by the parties presents "no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "A party moving for summary judgment satisfies its burden of proof (1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." Belcher v. Fleetwood Enters., Inc., 162 N.C. App. 80, 84, 590 S.E.2d 15, 18 (2004). The trial court must view the evidence in a light most favorable to the non-moving party. Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).
I. Intentional Infliction of Emotional Distress
Plaintiff first argues that the trial court erred in granting summary judgment in favor of employee defendants on plaintiff's claim for intentional infliction of emotional distress. In orderto prevail on his claim for intentional infliction of emotional distress (IIED), plaintiff must show (1) that defendants engaged in extreme and outrageous conduct and (2) that the conduct was intended to and did in fact cause (3) severe emotional distress. Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Plaintiff alleged an IIED claim against only employee defendants, not against employer defendants. A plaintiff can recover for the injurious acts of a co-employee without his employer being liable. Pleasant v. Johnson, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985). Our Supreme Court has clearly stated that "an injured worker may maintain a tort action against a co-employee for intentional injury[,]" and "the Workers' Compensation Act does not preclude a suit against a co-employee for intentional torts." Id. For the reasons stated below, we hold that employee defendants in this case can be held liable for the intentional torts alleged by plaintiff even in the absence of liability on behalf of employer defendants.
The first element of an IIED claim of whether conduct is sufficiently extreme and outrageous to support a claim is a question of law for the trial court. Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 490, 340 S.E.2d 116, 121, disc. review denied, 317 N.C. 334, 346 S.E.2d 140 (1986). "However, once conduct is shown which may be reasonably regarded as extreme and outrageous, it is for the jury to determine, upon proper instructions, whether the conduct complained of is, in fact, sufficiently extreme and outrageous to result in liability." Hogan, 79 N.C. App. at 491, 340 S.E.2d at 121. In the case beforethis Court, the trial court found as a matter of law that the conduct of employee defendants was not sufficiently extreme and outrageous to support an IIED claim. For the reasons stated below, we disagree.
To meet the standard of extreme and outrageous conduct, the conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community[.]'" Id. at 493, 340 S.E.2d at 123 (quoting Restatement (Second) of Torts § 46 Comment (d) (1965)). We note that with respect to extreme and outrageous conduct, "'liability clearly does not extend to mere insults, indignities, [and] threats.'" Hogan, 79 N.C. App. at 493, 340 S.E.2d at 123) (quoting Restatement (Second) of Torts, § 46 comment (d)). Rather, to give rise to a successful claim, the complained of conduct must "'exceed[] all bounds usually tolerated by decent society' and . . . 'cause[] mental distress of a very serious kind.'" Stanback v. Stanback, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979)(quoting Prosser, The Law of Torts, § 12, p. 56 (4th Ed. 1971)).
We note that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress." Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000); see Atkins v. USF Dugan, Inc., 106 F. Supp. 2d 799, 810-11 (M.D.N.C. 1999); Wilson v. Southern Nat. Bank of North Carolina, Inc., 900 F. Supp. 803, 811-12 (W.D.N.C. 1995). However,in Phillips v. Restaurant Mgmt. of Carolina, L.P., our Court stated that it could not say, as a matter of law, that a restaurant employee's act of spitting in a plaintiff's food "does not rise to the level of 'extreme and outrageous.'" Phillips, 146 N.C. App. 203, 213, 552 S.E.2d 686, 693, disc. review denied, 355 N.C. 214, 560 S.E.2d 132 (2001). In Phillips, we noted that one jurisdiction has even made it a felony for prisoners to "`intentionally cause or knowingly cause another to come in contact with blood, semen, saliva, urine or feces.'" Phillips, 146 N.C. App. at 213, 552 S.E.2d at 693 (quoting 19 Pa. C.S.A. § 2703.1).
In the present case, there was evidence that employee defendants spread animal feces on the handles of plaintiff's tools with which plaintiff routinely came into contact. Further, employee defendants telephoned plaintiff's wife "posing as representatives of a funeral home with news of [plaintiff's] death and inquiring about disposal of [plaintiff's] body." There is also ample evidence of employee defendants continually teasing and ridiculing plaintiff. In consideration of the reprehensible nature of the actions of employee defendants, we cannot say as a matter of law that employee defendants' actions do not rise to the level of "extreme and outrageous conduct."
The remaining elements of an IIED claim are whether the conduct was intended to cause severe emotional distress, and whether the conduct did in fact cause severe emotional distress. Waddle, 331 N.C. at 82, 414 S.E.2d at 27. We note that the second element of intent "may also be proven by a showing that thedefendant acted with 'reckless indifference to the likelihood' that his or her acts 'will cause severe emotional distress.'" Miller v. Brooks, 123 N.C. App. 20, 29, 472 S.E.2d 350, 356 (1996) (quoting Dickens v. Puryear, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981)), disc. review denied, 345 N.C. 344, 483 S.E.2d 172 (1997). Regarding the recklessness standard for showing intent, our Supreme Court has stated that a defendant is liable if he "'acts recklessly . . . in deliberate disregard of a high degree of probability that the emotional distress will follow[.]'" Dickens, 302 N.C. at 449, 276 S.E.2d at 333 (quoting Restatement (Second) of Torts § 46, Comment i (1965)). Here, plaintiff has forecast sufficient evidence of these elements to survive summary judgment.
Regarding the element of intent, plaintiff alleged that employee defendants' conduct was "intended to inflict emotional distress in Plaintiff[.]" Plaintiff testified in his deposition that employee defendants knew he was "softhearted" but they would "start messing with [him], and [he would] ask them to stop and they [wouldn't] and [he would] get upset[.]" Plaintiff further testified in his deposition that employee defendants "knew [he] was easy to upset[.]" Plaintiff also testified that both he and Brown asked employee defendants on numerous occasions to leave plaintiff alone. In fact, plaintiff testified in his affidavit that he "begged and pleaded" with employee defendants to stop harassing him. This testimony demonstrates that employee defendants were aware that the teasing and harassing were upsetting plaintiff, yet they refused to stop bothering plaintiff. This constitutes aforecast of evidence that employee defendants acted with a disregard that plaintiff would suffer emotional distress.
Regarding the third element of emotional distress, plaintiff presented substantial evidence of hospitalization, treatment, medication and psychological evaluation to support his contention that he suffered severe emotional distress.
Plaintiff brought forth evidence regarding all three elements of an IIED claim. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of employee defendants and this portion of the trial court's order is reversed.
II. Negligent Infliction of Emotional Distress
Plaintiff next argues that the trial court erred in granting summary judgment in favor of employee defendants on plaintiff's claim for negligent infliction of emotional distress (NIED). For the reasons stated below, we disagree.
In order to succeed on his claim of NIED, plaintiff must prove (1) that employee defendants negligently engaged in conduct, (2) that it was reasonably foreseeable that their conduct would cause plaintiff severe emotional distress, and (3) that the conduct did in fact cause plaintiff severe emotional distress. Johnson v. Ruark Obstetrics, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). In addressing plaintiff's argument, we find Guthrie v. Conroy, 152 N.C. App. 15, 567 S.E.2d 403 (2002) controlling. Our Court in Guthrie stated that "[n]egligence is the breach of a legal duty owed by defendant that proximately causes injury to plaintiff." Guthrie, 152 N.C. App. at 25, 567 S.E.2d at 410. Further, "'[i]norder to establish actionable negligence, a plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligen[t] breach of such duty was the proximate cause of the injury.'" Id. at 25, 567 S.E.2d at 410-11 (quoting Gordon v. Garner, 127 N.C. App. 649, 660-61, 493 S.E.2d 58, 65 (1997), disc. review denied, 347 N.C. 670, 500 S.E.2d 86 (1998)).
In Guthrie, the plaintiff failed to allege any duty owed by the defendant to the plaintiff and failed to present any evidence showing that the defendant breached any duty of care owed to the plaintiff. Guthrie, 152 N.C. App. at 25, 567 S.E.2d at 411. Our Court therefore held that "[a]bsent a breach of duty of care, plaintiff's suit against [the defendant] for NIED cannot be maintained" and concluded that summary judgment was proper. Id. at 25-26, 567 S.E.2d at 411. Similarly, in the case before our Court, plaintiff failed to allege and failed to present any evidence that employee defendants owed any duty to plaintiff. Accordingly, as in Guthrie, we conclude that the trial court did not err in granting summary judgment in favor of employee defendants on plaintiff's NIED claim.
We note that plaintiff also argues that employer defendants are liable for IIED and NIED under the doctrine of respondeat superior. An employer can be liable where "(1) the employer expressly authorizes the employee's act; (2) the tort is committed by the employee in the scope of employment and in furtherance of the employer's business; or (3) the employer ratifies theemployee's tortious conduct." Denning-Boyles v. WCES, Inc., 123 N.C. App. 409, 414, 473 S.E.2d 38, 41 (1996). Thus, for an employer to be liable under the theory of respondeat superior, a plaintiff must show that an employer's conduct fits within one of the above categories. Id. at 414, 473 S.E.2d at 42. In the case before us, plaintiff only argues that employer defendants are liable based upon ratification of employee defendants' conduct. Regarding Brown, plaintiff presented sufficient evidence supporting his contention that Brown knew that employee defendants were ridiculing plaintiff. However, plaintiff failed to present evidence that Brown ratified the acts of employee defendants. In fact, plaintiff testified multiple times in his deposition that Brown met with employee defendants and told them to stop harassing plaintiff. Further, when asked specifically whether Brown ratified employee defendants' conduct, plaintiff testified that Brown "didn't approve of [employee defendants] doing what they [were] doing." Regarding Johnson, plaintiff testified repeatedly in his deposition that he complained only to Brown and not to Johnson about the harassment. Thus, there is no evidence that Johnson was aware of the harassment and certainly no evidence that Johnson ratified the acts of employee defendants. Accordingly, we hold the trial court did not err in granting summary judgment in favor of employer defendants for IIED and NIED on the theory of respondeat superior.
III. Negligence Claim against Employer Defendants
Plaintiff also argues in his brief that employer defendantswere negligent in failing to stop the harassment by employee defendants. This argument is based on plaintiff's allegation in his complaint regarding negligent hiring, retention and supervision on behalf of employer defendants. However, plaintiff's sole assignment of error on appeal states that there were genuine issues of material fact regarding his IIED and NIED claims. Plaintiff did not include negligent hiring, retention and supervision claims in this assignment of error. Accordingly, plaintiff has failed to preserve this portion of his argument for appellate review. See N.C.R. App. P. 10(a) (stating that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal").
Affirmed in part; reversed in part.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).