RAINTREE HOMEOWNERS ASSOCIATION, INC., AND LARRY L. FALCONE, INDIVIDUALLY, AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED v. RAINTREE CORP., A CORPORATION

No. 8226SC821

(Filed 21 June 1983)

1. **Rules of Civil Procedure § 56.1— motion to dismiss converted into summary judgment motion—timeliness of affidavits**

Where defendant filed a Rule 56 motion for summary judgment and a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief, and the Rule 12(b)(6) motion to dismiss was converted into one for summary judgment by the court's consideration of matters outside the pleadings, the trial court did not err in considering affidavits filed by defendant after the summary judgment motion since Rule 12(b) provides that, whenever a Rule 12(b)(6) motion is treated as a motion for summary judgment, the parties shall be given a "reasonable opportunity" to present pertinent materials, and objections to timeliness are thus not germane in such a situation, and since plaintiff's proper remedy would have been a motion for continuance or additional time to produce evidence.

**2. Notice § 1— membership agreement—notice of dues increase—notice of fee increase—moot question**

A country club membership agreement did not require the club to give members 30 days' notice of its intention to raise the amount of the yearly membership dues because notice of 30 days was required for individual members to withdraw their membership for a membership year without incurring monetary liability. Furthermore, any claim plaintiffs may have had with respect to the club's failure to give members 30 days' notice of any increase in fees for use of club facilities as required by the membership agreement was rendered moot when defendant voluntarily extended the effective date of the fee increases so as to comply with the membership agreement.

APPEAL by plaintiffs from *Grist, Judge.* Judgment entered 4 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 May 1983.

This is a civil action wherein plaintiffs seek to enjoin defendant from raising the amount of certain dues, fees and spending minimums required to be paid by plaintiffs under an Agreement with defendant. Plaintiffs also seek declaratory judgment with respect to certain provisions of the Agreement.

Raintree Country Club is owned and managed by Raintree Corp., defendant. The club and its facilities are situated in the Village of Raintree, a Planned Unit Development, in Mecklenburg County, North Carolina. The development also is managed by defendant.

Plaintiff Raintree Homeowners Association (hereinafter RHOA) is an association of 457 owners of property in the Raintree Development, 245 of whom are members of the club. Plaintiff Falcone is the president of RHOA and a member of the club.

The Residential Membership Agreement is an agreement whereby property owners in the Village of Raintree can become members of the Raintree Country Club. The Agreement is for one year's membership which is automatically extended at the beginning of each membership year (April 1 to March 31). Members in the club are required to pay annual dues on a monthly basis and required to spend a certain minimum amount per month for food and beverages in the club facilities or be billed for such amount. The Agreement provides for annual adjustment of these payments according to a formula specified in the Agreement. The Agreement also provides for certain fees for such things as guests, locker rental and equipment storage. These fees may be

modified by the management of the club in its discretion, provided notice is posted in a conspicuous place at least thirty days prior to the effective date of the increases.

On or about 15 March 1982, all Resident Members received a letter from the club management reminding them to renew their memberships by 31 March 1982. Attached to this reminder was a disclosure statement regarding payment of annual dues for the ensuing membership year. The amount of dues for the 1982-83 membership year reflected an increase over the previous year of 10 percent. Also enclosed was a copy of the Club Account Agreement for the 1982-83 Membership year which similarly reflected a 10 percent increase over the previous year in the required monthly spending minimum.

On or about 15 March 1982, defendant mailed to plaintiffs a Schedule of Fees which reflected increases in various fees for use of club facilities. These increases were to become effective on 1 April 1982.

On 31 March 1982, plaintiff RHOA filed suit in Superior Court of Mecklenburg County seeking: (1) a permanent injunction enjoining defendant from increasing membership dues and the monthly food and beverage spending minimums for the 1982-83 membership year, (2) a temporary restraining order and preliminary and permanent injunctions enjoining defendant from making any increase in the Schedule of Fees until it had complied with the notice provisions of the Membership Agreement, and (3) declaratory judgment that the provision of the Membership Agreement regarding the adjustment of annual dues and the monthly food and beverage spending minimums was void. Submitted along with this Complaint were Exhibits A through E and three affidavits which supported the allegations in the Complaint.

The Temporary Restraining Order was not granted, and a hearing on the Preliminary Injunction was set and later continued for a 3 May 1982 hearing.

On 22 April 1982, defendant moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure and for dismissal for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6).

Also on 22 April 1982 plaintiffs filed an amended complaint seeking to convert the action to a Class Action by adding plaintiff Falcone as a complainant in his individual capacity and as representative of all other persons similarly situated. The amended complaint alleged no additional facts pertinent to the cause of action but added a Fourth and Fifth Claim for Relief, seeking specific performance and damages respectively. Plaintiffs submitted twenty-seven affidavits in support of their amended allegations.

On 28 April 1982, defendant filed a motion to dismiss the amended complaint, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief could be granted. This motion was accompanied by two affidavits, filed 30 April 1982, tending to show, among other things, that the effective date of the proposed increase in the Schedule of Fees had been postponed to 15 April 1982 and was therefore in compliance with the notice requirement of the Membership Agreement.

On 3 May 1982, at the hearing on the motions plaintiffs filed written objections to defendant's motions on the grounds that the affidavits supporting them were not timely. Plaintiff also objected on the same grounds to a supplemental affidavit filed by defendant at the hearing. Defendant moved under Rule 7(b)(1) to dismiss the amended complaint.

The trial court held that defendant's affidavits were timely and properly before the court with respect to defendant's motions of 22 April 1982 and, in its discretion, allowed them to be filed as supporting affidavits after the motions had been filed. Plaintiffs failed to request a continuance or additional time to produce evidence and, the court held, by appearing for and participating in the hearing on the summary judgment motion, had in any event waived their objections to that hearing.

The court denied plaintiffs' motion for a preliminary injunction and granted defendant's motions to dismiss and for summary judgment as to the complaint and defendant's motion to dismiss the amended complaint. Plaintiffs' motion on 12 May 1982 under Rule 59(e) to alter the judgment was also denied.

From the court's order denying plaintiffs' motion for a preliminary injunction and granting defendant's motions to dismiss

the complaint and amended complaint and for summary judgment, plaintiffs appealed.

*Weaver & Bennett, by F. Lee Weaver for plaintiffs, appellants.*

*Kennedy, Covington, Lobdell & Hickman, by Edgar Love III for defendant, appellee.*

HEDRICK, Judge.

[1]   Plaintiffs first ask us to consider whether it was error for the trial court to permit the filing of affidavits supporting defendant's motion for summary judgment.

Plaintiffs point out that the trial court's order, "That defendant's motion to dismiss and for summary judgment as to the complaint be granted and that the complaint and each claim thereunder be dismissed" is unclear as to whether it is based on the pleadings alone or whether matters outside the pleadings were considered. Because the trial court allowed the filing of the affidavits without limiting their use, plaintiffs contend that defendant's 12(b)(6) motion was thereby converted to one for summary judgment, *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979), and asks us to consider the propriety of the trial court's action in that context.

Plaintiffs argue that it was error for the trial court to consider, in connection with the summary judgment motion, the affidavits filed with the court on 30 April 1982, and the supplemental affidavit filed on 3 May 1982 on the grounds that they were not timely. In support of their argument, plaintiffs refer us to the North Carolina Rules of Civil Procedure, specifically Rule 6 as it applies to Rule 56 regarding the submission of affidavits in support of a motion for summary judgment. Plaintiffs argue that Rule 6(d) requires that supporting affidavits be served with the motion unless the filing period has been enlarged by the court. Since the court in this case had not enlarged the filing period, plaintiffs argue, defendant was required to submit its supporting affidavits with its motion for summary judgment.

Plaintiffs cite us to the case of *Insurance Co. v. Chantos,* 21 N.C. App. 129, 130, 203 S.E. 2d 421, 423 (1974), wherein this Court

held that "Rule 6(d) applies to affidavits in support of a Rule 56 motion for summary judgment."

We do not question the holding in *Chantos*, but find that case to be clearly distinguishable from the one before us. There, the court was concerned with the timeliness of affidavits filed in support of a motion for summary judgment. Here, we are concerned with two motions, one for dismissal under Rule 12(b)(6) and one for summary judgment under Rule 56.

Plaintiffs properly objected to the defendant's filing of affidavits after the summary judgment motion was filed and, if summary judgment were the only motion under consideration by the court, the affidavits should have been excluded by the court. However, the court also had before it defendant's 12(b)(6) motion to dismiss. Plaintiffs correctly contend that the court's implicit consideration of defendant's affidavits in connection with the 12(b)(6) motion converts that motion to one for summary judgment. N.C. Gen. Stat. § 1A-1, Rule 12(b). Rule 12(b) also says that, in such a case, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* It is significant that the rule provides a "reasonable opportunity" rather than requiring that the presentation of materials be in accordance with Rule 56.

In a previous case with this defendant as plaintiff, this Court held that the notice required by Rule 12(b) in situations where, as here, a 12(b)(6) motion is being treated as a motion for summary judgment is procedural rather than constitutional. *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978). As such, the proper action for counsel to take is to request a continuance or additional time to produce evidence. *Id.* Objections to timeliness are therefore not germane in such situations and the trial court had discretion, provided the opposing party has a "reasonable opportunity" to present pertinent material, to take and consider affidavits in support of a converted 12(b)(6) motion. By participating in the hearing and failing to request a continuance or additional time to produce evidence, a party waives his right to this procedural notice. *Id., see also Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975).

In the present case, plaintiffs' objections to the affidavits filed 28 April 1982 and 3 May 1982 concern the timeliness of

their filing. Under the circumstances of this case, such objections are not appropriate. Plaintiffs did not request a continuance or additional time to produce evidence. Plaintiffs having participated in the hearing on the motion for summary judgment, without such objection or request for continuance, thereby waived any right to procedural notice with respect to the hearing. It was not an abuse of discretion for the trial court to consider defendant's affidavits and grant defendant's motion for summary judgment. The affidavits were properly before the court and plaintiff's contention is without merit.

We move now to a consideration of whether the trial court's grant of summary judgment for defendant was proper.

[2]  (A) In their first claim, plaintiffs ask the court to find that the Membership Agreement, submitted with plaintiffs' complaint as Exhibit A, requires defendant to provide thirty days notice of its intention to raise the amount of yearly membership dues and the minimum monthly expenditure and that by failing to provide this notice, defendant is equitably estopped from increasing these amounts for the membership year 1982-83. Plaintiffs ask this Court to enjoin defendant from raising the dues and monthly minimum expenditure for the 1982-83 membership year.

In support of their claim for an injunction, plaintiffs argue that the Membership Agreement requires defendant to notify plaintiffs of its intention to raise the dues and minimum expenditure amount at least thirty days in advance of the date on which membership in the club is automatically extended for the following membership year.

Plaintiffs argue that defendant is equitably bound to give such notice under the following theory: Thirty days notice is required in order for individual members to withdraw their membership for a membership year without incurring monetary liability. Therefore, plaintiffs contend, defendant was required to notify plaintiffs of any increase enough in advance of the membership renewal deadline to allow plaintiffs to withdraw from membership without incurring financial liability.

The Agreement, however, has no requirement for such notice. Further, no construction of the Agreement will support plaintiffs' theory that defendant is equitably estopped from no-

Raintree Homeowners Assoc. v. Raintree Corp.

tifying plaintiffs of any increase in dues or monthly minimum expenditure less than thirty days before the date on which memberships are automatically renewed.

Therefore, the plaintiffs have pleaded an insurmountable bar to their claim and there is no genuine issue of material fact. The trial court's order, whether denominated summary judgment for defendant or dismissal of plaintiffs' complaint under 12(b)(6), must be affirmed.

(B) In their second claim, plaintiffs ask the Court to find that the Membership Agreement requires defendant to give thirty days notice prior to the effective date of any increase in certain fees for use of club facilities. Plaintiffs pray the court to enjoin defendant from increasing such fees until the thirty day notice requirement is complied with.

The Membership Agreement does provide that defendant conspicuously post notification of fee increases at least thirty days prior to the effective date of such increases. However, the affidavits and exhibits offered in support of defendant's motion for summary judgment with respect to this claim disclose that defendant voluntarily extended the effective date of the fee increases so as to be in compliance with the Membership Agreement.

We are prepared to hold that any claim the plaintiffs may have had with respect to this issue was therefore made moot by defendant's subsequent compliance with the notice requirement.

The record before us affirmatively discloses that plaintiffs have suffered no damage and have suffered no irreparable injury and are therefore not entitled to any relief prayed for in any of their claims. The record affirmatively discloses that there is no genuine issue of material fact. The trial court's judgment granting defendant's motions for summary judgment for defendant and dismissing plaintiffs' complaint with prejudice is therefore affirmed.

Affirmed.

Judges WELLS and PHILLIPS concur.