WILLIAM B. MORRIS, Plaintiff v. MARVIN R. MOORE and GLORIA M. MOORE,
Defendants

No. COA07-181

(Filed 16 October 2007)

**1. Civil Procedure— motion to dismiss converted to summary judgment—matters outside pleadings presented to court**

The trial court did not abuse its discretion by granting summary judgment in favor of defendants after a hearing on defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action where plaintiff sought to get the trial court to order defendants to execute a deed returning ownership of property to him based on his living on the property and paying the taxes and upkeep on the property, because: (1) when matters outside of the pleadings are presented to the trial court during a hearing considering a motion to dismiss under Rule 12(b)(6) and the material is not excluded by the trial court, the motion is treated as one for summary judgment and disposed of under N.C.G.S. § 1A-1, Rule 56; and (2) the transcript of the hearing on defendants' motion to dismiss revealed that the trial court received and considered several documents outside of the pleadings.

**2. Civil Procedure— motion to dismiss converted to summary judgment—reasonable opportunity to present material—waiver**

The trial court did not err by granting summary judgment in favor of defendants allegedly without providing plaintiff an opportunity to respond in an action where plaintiff sought to get the trial court to order defendants to execute a deed returning ownership of property to him based on his living on the property and paying the taxes and upkeep on the property, because: (1) plaintiff did not request a continuance or additional time to produce evidence; (2) plaintiff did not object to the admission of material outside the pleadings; and (3) plaintiff waived his right to complain when he himself first offered material outside of the pleadings to the trial court for consideration.

**3. Appeal and Error— preservation of issues—failure to object**

Although plaintiff contends the trial court erred by granting summary judgment in favor of defendants when defendants presented no admissible evidence in support of their motion based

on a failure to properly authenticate an order from the Bankruptcy Court as required by N.C.G.S. § 8C-1, Rules 901 or 902, this assignment of error was not preserved for appellate review because plaintiff did not object to the admission of the order as required by N.C. R. App. P. 10(b)(1).

**4. Collateral Estoppel and Res Judicata— collateral estoppel—issue fully determined—final judgment on merits**

The trial court did not err by granting summary judgment in favor of defendants even though plaintiff contends defendants failed to establish all of the elements of res judicata or collateral estoppel in an action where plaintiff sought to get the trial court to order defendants to execute a deed returning ownership of property to him based on his living on the property and paying the taxes and upkeep on the property, because: (1) defendants met their burden of establishing that plaintiff's current claim regarding the property was barred by the doctrine of collateral estoppel since the issue of whether the conveyance of the property to defendants was valid or limited in any way was fully determined by the Bankruptcy Court and its order constituted a final judgment on the merits; and (2) having determined that collateral estoppel applied, the Court of Appeals did not need to address plaintiff's argument as to res judicata.

Appeal by plaintiff from an order entered 28 September 2006 by Judge James C. Davis in Cabarrus County Superior Court. Heard in the Court of Appeals 13 September 2007.

*Koehler & Cordes, PLLC, by Stephen D. Koehler, for plaintiff-appellant.*

*Shuford, Hunter & Brown, P.A., by Angela M. Heath, for defendant-appellees.*

BRYANT, Judge.

William B. Morris (plaintiff) appeals from an order entered 28 September 2006 granting summary judgment in favor of Marvin R. and Gloria M. Moore (defendants). For the reasons stated herein, we affirm the order of the trial court.

*Facts and Procedural History*

Plaintiff lives with his wife on property located at 8980 Rocky River Road in Harrisburg, North Carolina (hereinafter, "the prop-

erty"). Plaintiff purchased the property in 1963, but subsequently deeded the property to defendants in 1998. Defendant Gloria Moore is plaintiff's daughter.

On 26 September 2002, defendants filed for bankruptcy relief in the United States Bankruptcy Court, Western District of North Carolina, Charlotte Division. Plaintiff subsequently filed a motion in defendants' bankruptcy case "to abandon certain real property known as 8980 Rocky River Road . . . and for relief from the automatic stay of 11 U.S.C. Section 362 as to said property[.]" The Bankruptcy Court held a hearing on plaintiff's motion on 28 August 2003, and entered an order on 23 September 2003 denying plaintiff's motion to abandon the property and for relief from the stay.

Plaintiff filed his complaint initiating the case at hand on 9 February 2006. Defendants failed to respond to plaintiff's complaint. Plaintiff filed a motion for entry of default judgment on 11 April 2006 and obtained an entry of default by the Clerk of Superior Court. On 30 May 2006, the matter came before the trial court on plaintiff's motion for default judgment. The trial court found that plaintiff's complaint did "not state any grounds for relief," and denied plaintiff's motion for entry of a default judgment, but allowed plaintiff leave to amend his pleadings to state grounds for relief.

On 31 May 2006, plaintiff filed an amended complaint, the *gravamen* of which is that because plaintiff has lived on the property and paid the taxes and upkeep on the property, the trial court should order defendants to execute a deed returning ownership of the property to him. On 2 August 2006, defendants filed a responsive pleading entitled "Motion to Dismiss; Answer; Affirmative Defenses; Rule 11 Attorney's Fees." Defendants' motion to dismiss was heard on 25 September 2006 and an order granting summary judgment in favor of defendants was entered on 28 September 2006. Plaintiff appeals.

Plaintiff raises the issues of whether the trial court erred by granting summary judgment in favor of defendants: (I) after a hearing on defendants' motion to dismiss pursuant to Rule 12(b)(6); (II) without providing plaintiff an opportunity to respond; (III) where defendants had presented no admissible evidence in support of their motion; and (IV) where defendants had failed to establish all of the elements of *res judicata* or collateral estoppel.

*I*

**[1]** Plaintiff first contends the trial court erred by entering an order granting summary judgment in favor of defendants after a hearing on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We disagree.

When material outside of the pleadings is presented to the trial court during a hearing considering a motion to dismiss pursuant to Rule 12(b)(6), and the material is not excluded by the trial court, the motion is treated as one for summary judgment and disposed of pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2005); *Carlisle v. Keith*, 169 N.C. App. 674, 688-90, 614 S.E.2d 542, 551-52 (2005). We review a trial court's conversion of a motion to dismiss pursuant to Rule 12(b)(6) to a motion for summary judgment pursuant to Rule 56 for an abuse of discretion. *Belcher v. Fleetwood Enters.*, 162 N.C. App. 80, 84, 590 S.E.2d 15, 18 (2004).

The transcript of the hearing on defendants' motion to dismiss reveals that the trial court received and considered several documents outside of the pleadings, including: a release from a tax lien indicating plaintiff had paid over $2,100 in taxes due on the property; plaintiff's check tendered in payment of the taxes; the complaint filed by plaintiff in Bankruptcy Court; and the order dismissing plaintiff's complaint in Bankruptcy Court. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) was correctly treated as a motion for summary judgment pursuant to Rule 56 and the trial court did not abuse its discretion in entering its order pursuant to Rule 56. This assignment of error is overruled.

*II*

**[2]** Plaintiff also contends the trial court erred in granting summary judgment in favor of defendants without providing plaintiff an opportunity to respond. We disagree.

When a motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment pursuant to Rule 56 because of the consideration of material outside of the pleadings, the parties must be given a reasonable opportunity to present material pertinent to a Rule 56 motion. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2005); *Raintree Homeowners Ass'n. v. Raintree Corp.*, 62 N.C. App. 668, 673, 303 S.E.2d 579, 582, *disc. review denied*, 309 N.C. 462, 307 S.E.2d 366 (1983). However, this Court has held that

the notice required by Rule 12(b) in situations where . . . a 12(b)(6) motion is being treated as a motion for summary judgment is procedural rather than constitutional. . . . By participating in the hearing and failing to request a continuance or additional time to produce evidence, a party waives his right to this procedural notice.

*Raintree*, 62 N.C. App. at 673, 303 S.E.2d at 582 (internal citations omitted); *see also Belcher*, 162 N.C. App. at 84, 590 S.E.2d at 18 (holding where plaintiffs had participated in a hearing on a Rule 12(b)(6) motion and did not request a continuance or additional time to produce evidence, the plaintiffs could not "complain that they were denied a reasonable opportunity to present materials to the court").

Here, plaintiff did not request a continuance or additional time to produce evidence. Plaintiff did not object to the admission of material outside the pleadings. In fact, plaintiff himself first offered material outside of the pleadings to the trial court for its consideration. Plaintiff has waived his right to complain he was denied a reasonable opportunity to present material to the trial court. This assignment of error is overruled.

## III

[3] Plaintiff next argues the trial court erred in granting summary judgment in favor of defendants because defendants had presented no admissible evidence in support of their motion. Specifically, plaintiff contends the order from the Bankruptcy Court admitted into evidence was not properly authenticated pursuant to Rules 901 or 902 of the North Carolina Rules of Evidence and thus was not competent evidence upon which the trial court could rely. Plaintiff, however, did not object to the admission of the order and has thus failed to preserve this argument for our review. N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]").

## IV

[4] Plaintiff lastly argues the trial court erred by granting summary judgment in favor of defendants because defendants had failed to establish all of the elements of *res judicata* or collateral estoppel. We disagree.

To establish the elements of collateral estoppel, defendants must show: " '[1] the earlier suit resulted in a final judgment on the merits,

[2] that the issue in question was identical to an issue actually liti-gated and necessary to the judgment, and [3] that both [defendants] and [plaintiff] were either parties to the earlier suit or were in privity with parties.' " *Gregory v. Penland,* 179 N.C. App. 505, 513, 634 S.E.2d 625, 631 (2006) (quoting *Thomas M. McInnis & Assocs. v. Hall,* 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986)). We note, however, that the third element of collateral estoppel is not required "when collateral estoppel is being used 'against a party who has previously had a full and fair opportunity to litigate a matter and now seeks to reopen the identical issues with a new adversary.' " *Id.* at 514, 634 S.E.2d at 631 (quoting *Hall,* 318 N.C. at 434, 349 S.E.2d at 560).

At the hearing on defendants' motion to dismiss, plaintiff argued that while he had conveyed the property to defendants, the con-veyance was merely for defendants to "hold" the property and the property was supposed to be returned to him. Plaintiff further argued that because of his payment of the tax lien, the property "was sup-posed to be given back to me. My daughter didn't do that."

Plaintiff filed his motion in defendants' bankruptcy case in an attempt to remove the property from defendants' bankruptcy estate, apparently presenting arguments similar to those in the case at hand. In the order by the Bankruptcy Court dismissing plaintiff's motion, the court, in pertinent part, found and concluded:

3. On January 3, 1998 a general warranty deed was exe-cuted transferring the property from William Benton Morris and wife . . . to the debtors, Marvin Rae Moore and wife, Gloria Morris Moore.

4. The transfer of said property to the debtors was a gift and was recorded of public record at the Cabarrus County, North Carolina Register of Deeds on March 2, 1998.

5. The conveyance was a gift and no trust obligation was associ-ated with the transfer.

6. There was no fraud involved in the transfer of said property to the debtors.

7. The debtors were not unjustly enriched.

8. There is no equitable basis for imposing a constructive trust.

9. There is no resulting trust as one cannot be engrafted into a fee simple warranty deed.

10. All legal and equitable interests in the property should remain in the debtors' bankruptcy estate as provided by 11 U.S.C. Section 541(1).

Thus, the issue of whether the conveyance of the property to defendants was valid or limited in any way was fully determined by the Bankruptcy Court and its order constitutes a final judgment on the merits. Defendants have met their burden in establishing that plaintiff's current claim regarding the property is barred by the doctrine of collateral estoppel.

Having determined that collateral estoppel applies we need not address plaintiff's argument as to *res judicata*. This assignment of error is overruled.

Affirmed.

Judges STEELMAN and GEER concur.