An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-601

Filed 20 May 2026

Cabarrus County, No. 23CVD000427-120

MICHELLE ANDERSON, Plaintiff,

v.

JOSEPH CATALDI, DOMINICK M.J. CATALDI, JAMES W. SURANE, SUSAN SURANE, and ROBERT DEWEY, Defendants.

Appeal by plaintiff from order entered 14 November 2024 by Judge D. Brent Cloninger in Cabarrus County Superior Court. Heard in the Court of Appeals 18 November 2025.

> *Nabb Law, by Jordan Paul Nabb, for plaintiff-appellant.*

> *Surane Law Group PLLC, by James W. Surane, and Gardner Skelton PLLC, by Preston O. Odom, III, for defendant-appellees.*

> *Robert Dewey, pro se.*

PER CURIAM.

In this case we consider whether the trial court erred by dismissing Plaintiff Michelle Anderson's claims against Defendants Joseph Cataldi, Dominick M.J. Cataldi, James Surane, Susan Surane, and Robert Dewey. We affirm.

I.    Background

This case was preceded by two earlier actions relevant to this current matter. The first action was brought by Plaintiff's minor son, who sought to partition certain real property in Mecklenburg County in which Defendants claimed an ownership interest.  The second action was brought by Defendants in small claims court in Cabarrus County seeking monetary damages from Plaintiff.  The heart of this present action is Plaintiff's claim asserting:  "Defendants worked together to file the [second] suit, prepare for, and appear in court, and make false representations of fact or otherwise falsely testified in an attempt to mislead the magistrate and intimidate or deter Plaintiff and her son from [continuing] the [first action] in Mecklenburg [County]."  She seeks damages in this second matter for having to defend the second (small claims) action, as well as other collateral relief.

Defendants moved to dismiss this present action brought by Plaintiff.  After a hearing on the matter, the trial court entered an order dismissing Plaintiff's claims, stating it was doing so for Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) of our Rules of Civil Procedure.  In the trial court's order, it made certain findings regarding the allegations Plaintiff had made in her complaint, as well as findings regarding the nature of the earlier actions.  Plaintiff appeals.

## II.    Analysis

On appeal, Plaintiff essentially argues the trial court erred by effectively converting Defendants' Rule 12(b)(6) motions to dismiss into a Rule 56 summary judgment motion. We note that during the hearing the trial court denied a request by Plaintiff to treat the matter as a summary judgment motion. On appeal, Plaintiff argues the trial court, nonetheless, did consider matters outside the complaint. Specifically, while the complaint does reference the two prior actions, Plaintiff argues the trial court references in its order information regarding those actions not alleged in the complaint.

Presuming, but not deciding, the trial court converted the Rule 12(b)(6) motions and hearing from Rule 12(b)(6) to Rule 56, we cannot discern any prejudicial error based upon the arguments made in Plaintiff's brief.[1] "[W]hen considering a Rule 12(b)(6) motion, the trial court is limited to reviewing the allegations made in the complaint." *Blue v. Bhiro*, 381 N.C. 1, 5 (2022) (citation omitted). If the trial court goes beyond the complaint and considers "matters outside the pleading" "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.* at 6 (quoting N.C.G.S. § 1A-1, Rule 12(b) (2025)".

---

[1] We decline to address the question raised by Defendants of whether the trial court merely took judicial notice of the other court cases and therefore did not convert the motions and hearings, *see Funderburk v. JPMorgan Chase Bank, N.A.*, 241 N.C. App. 415, 420 (2015) (intimating that when a trial court judicially notices court records, it does not convert a Rule 12(b)(6) motion into a motion for summary judgment), because, presuming Plaintiff is correct on this point, the trial court still did not err.

Whether a Rule 12(b)(6) motion has been converted to a Rule 56 motion is a question we review *de novo. Id.* at 5. Then, "[w]e review a trial court's [decision to convert] a motion to dismiss pursuant to Rule 12(b)(6) to a motion for summary judgment pursuant to Rule 56 for an abuse of discretion." *Morris v. Moore*, 186 N.C. App. 431, 434 (2007) (citation omitted); *see also Morgan v. AT & T, Corp.*, 168 N.C. 534, 537 (2005) (citation omitted); *Home Realty Co. & Ins. Agency, Inc. v. Red Fox Country Club Owners Ass'n, Inc.*, 274 N.C. App. 258, 264 (2020) ("With respect to both motions to dismiss and motions for judgment on the pleadings, the trial court is vested with *discretion* to choose whether to consider materials outside the pleadings submitted in support of or in opposition to those motions." (emphasis added and citations omitted)).

While Plaintiff argues the trial court considered matters outside of her complaint thereby converting the motions and the hearing, Plaintiff fails to argue how this amounted to an abuse of discretion, *see id.*, or how she was prejudiced with the trial court's failure to adhere to its duty to give the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56[,]" N.C.G.S. § 1A-1, Rule 12(b) (2025). Therefore, presuming Plaintiff's argument is true—that the motions and hearings were converted from a Rule 12(b)(6) motion to a Rule 56 motion—she fails to argue on appeal how this amounted to error and thus has abandoned the issue. *See* N.C. R. App. Pro. 28(b)(6) ("Issues not presented in a

party's brief, or in support of which no reason or argument is stated will be taken as abandoned.").[2]

Likewise, Plaintiff attempts to invoke the doctrine of *res judicata* by claiming the trial court considered matters from the earlier small claims action that were settled by that doctrine. It is unclear from Plaintiff's brief, however, how this doctrine is relevant to the present appeal. Perhaps Plaintiff intended to argue the doctrine of collateral estoppel instead, which deals with previously determined issues rather than previously determined claims. *See Farmers & Merchants Bank v. Henley*, 300 N.C. App. 256, 264 (2025) ("The primary difference between the two doctrines is *res judicata* precludes a party from bringing a subsequent action based on the same claim as that litigated in an earlier action, while collateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." (cleaned up)). Gleaning what we can from Plaintiff's brief, we believe Plaintiff is arguing the trial court redetermined previously decided *issues*. Having failed to provide legal authority in support of this argument, we deem Plaintiff to have abandoned it. *See* N.C. R. App. Pro. 28(b)(6). [3]

III. Conclusion

---

[2] We note Plaintiff abandoned any argument as to whether the trial court erred in dismissing her claims pursuant to Rule 12(b)(6) as she failed to cite legal authority or make a legal argument on this issue beyond a conclusory statement in her brief's conclusion. *See* N.C. R. App. Pro. 28(b)(6).

[3] Plaintiff devotes eight words to and presents no substantive argument about her third issue on appeal. Having failed to cite any legal authority or make any legal argument about how this was error, we conclude Plaintiff has abandoned this issue on appeal. *See* N.C. R. App. Pro. 28(b)(6).

We have carefully reviewed the record, including Plaintiff's complaint, and conclude the trial court did not err in entering its order dismissing Plaintiff's action. Thus, we affirm the trial court's order.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges STROUD and TYSON.

Judge STROUD concurs in result only by separate opinion.

Report per Rule 30(e).

STROUD, Judge, concurring in result only.

I concur in the result only, for the reasons stated in my separate opinion in *In re: J.R.T.*, No. COA25-696, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2026) (Stroud, J., concurring in result) (unpublished).[4] As I said there: "[N]o court or party should rely on this unpublished opinion under Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure." *Id.*; *see also* N.C. R. App. P. 30(e)(3) ("If a party believes . . . that an unpublished opinion has precedential value to a material issue in the case and that there is no published opinion that would serve as well, the party may cite the unpublished opinion . . . ."). I note a few—but not all—of my concerns with the *per curiam* opinion below.

First, the opinion identifies neither the claims at issue nor the standard of review. The complaint included claims for malicious prosecution, abuse of process, civil conspiracy, and "Negligence/Gross." At the hearing, Plaintiff attempted to voluntarily dismiss the malicious prosecution claim without prejudice. But the trial court refused, because the claim had already been "briefed and argued" before the attempted dismissal. We review *de novo* an order dismissing a claim under Rule 12(b)(6). *See, e.g., Lannan v. Univ. of N.C.*, 387 N.C. 239, 246, 913 S.E.2d 163, 169 (2025). The *per curiam* opinion, however, appears to apply an abuse-of-discretion standard. *See per curiam supra* Section II.

---

[4] I appreciate the irony of citing another unpublished opinion, but there is no need to repeat my rationale when my separate opinion in *In re J.R.T.* is available for review.

Second, the order on appeal contains long, detailed legal analysis of each claim. For each, the court ruled specifically that Plaintiff's complaint failed to state a claim under Rule 12(b)(6). It also stated at the hearing that it would not convert the proceeding into one for summary judgment. So I see no reason why we should "presum[e] . . . the trial court converted the Rule 12(b)(6) motions and hearing" into a summary judgment motion and hearing. *Id.*

For these reasons and others, I concur in the result only. And I discourage any future citation to this opinion under Rule 30(e)(3).