ELMORE, Judge.
 

 *286
 
 Plaintiff Janice Thompson appeals from an order granting defendants Christopher Lee Bass and Donald Wayne Boyd's motions for summary judgment on plaintiff's claims for breach of contract, fraud, rescission, unfair and deceptive trade practices, punitive damages, and civil conspiracy arising out of the 2015 sale of an internet sweepstakes business in Nash County.
 

 Because plaintiff has failed to forecast sufficient evidence of a genuine issue of material fact as to any of her claims and thereby withstand defendants' motions for summary judgment, we affirm.
 

 I. Background
 

 As of July 2015, plaintiff had owned and operated three internet sweepstakes businesses-one located in Lenoir County and two located in Pitt County-for approximately three years. Defendant Bass had owned and operated an internet sweepstakes business located in Nash County for approximately six years, while defendant Boyd was a third-party vendor who supplied defendant Bass with software owned by Aurora Technology, Inc.
 

 On 20 November 2014, plaintiff received a written notification from Lenoir County law enforcement informing her that the games being played on the machines in her business violated
 
 N.C. Gen. Stat. § 14-306.4
 
 ("the sweepstakes statute"). The purpose of the notification was to encourage voluntary compliance with the sweepstakes statute and allow those involved in the operation of such businesses "a 'grace period' prior to any enforcement action." Plaintiff sought legal counsel in response to the notification, voluntarily removed certain games
 
 *287
 
 pursuant to the advice of counsel in December 2014, and continued to operate her business. On 3 March 2015, plaintiff received two similar notifications from Pitt County law enforcement. Plaintiff posted on the Facebook page for one of her businesses on 8 May 2015, "I might just let them give me a ticket so I can have my day in court," and on 2 July 2015, "We do not have any plans of closing." On 17 July 2015, Nash County law enforcement left
 
 *624
 
 a similar notification with an employee at defendant Bass's business.
 

 On 30 July 2015, plaintiff purchased the Nash County business from defendant Bass for $500,000.00.
 
 [1]
 
 Defendant Boyd was not present for nor a party to the transaction, as he only supplied software and had no ownership interest in the business itself. Defendant Bass did not inform plaintiff prior to the sale that a notification of enforcement had recently been left at the business, and plaintiff had made no attempt to contact Nash County law enforcement herself to discuss the legality of the business. In her deposition testimony, plaintiff admitted that she had always checked with the chief of police before adding a new game or machine at her other businesses, but stated that she did not contact Nash County law enforcement "[b]ecause [defendant Bass] had been operating for years. He told [her] it was legal." Plaintiff then clarified that defendant Bass's legality representation was in reference to local zoning laws.
 

 On 1 August 2015, plaintiff assumed ownership and operation of the Nash County business, which included entering into her own Aurora Technology software agreement without the involvement of defendant Boyd. On 17 August 2015, Aurora Technology terminated that agreement amidst speculation that all internet sweepstakes businesses located in the Eastern District of North Carolina would soon be raided and potentially shut down at the direction of the U.S. Attorney. When a representative from Aurora Technology informed plaintiff of the same, plaintiff responded by simply replacing the software on her machines. Plaintiff continued to operate the Nash County business despite having been advised by counsel as of December 2014 that the same replacement software violated the sweepstakes statute.
 

 On 11, 16, and 22 September 2015, undercover law enforcement officers entered the Nash County business and observed the games being played on the machines located therein. The Nash County business was then raided and shut down on 28 September 2015, and on 1 October
 
 *288
 
 2015, plaintiff was charged criminally with eight counts of violating the sweepstakes statute.
 

 On 15 October 2015, plaintiff commenced this action by filing an initial complaint against defendant Bass, and she filed an amended complaint adding defendant Boyd as a party on 17 January 2017. In her amended complaint, plaintiff alleged that prior to discussing the possibility of her purchasing the Nash County business,
 

 and unbeknownst to the Plaintiff, Defendants had been informed by the Nash County Sheriff's Office of their intention to take enforcement action against the [Nash County business]..... At no time during the negotiations process did Defendants ever inform Plaintiff of the pending enforcement action by law enforcement. Instead, they actively hid this material fact from the Plaintiff.
 

 Plaintiff then enumerated claims for breach of contract, fraud, rescission, unfair and deceptive trade practices, punitive damages, and civil conspiracy against defendants.
 

 On 16 February 2017, defendant Bass filed his amended answer to the complaint along with a motion to dismiss plaintiff's claims for breach of contract, fraud, and civil conspiracy pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. On 22 March 2017, defendant Boyd likewise filed his answer to the complaint along with a Rule 12(b)(6) motion to dismiss plaintiff's claims for breach of contract, fraud, and punitive damages. On 19 May 2017, defendants filed their respective motions for summary judgment on all of plaintiff's claims pursuant to Rule 56 of the Rules of Civil Procedure.
 

 Following a 5 June 2017 hearing, the trial court entered an order granting defendants' motions. The order indicated that the trial court,
 

 having reviewed the pleadings, the admissions, the interrogatories, the depositions with exhibits, other exhibits, and all documents and affidavits filed and submitted to the Court by the defendants and by the
 
 *625
 
 plaintiff, and having considered the arguments of counsel for the plaintiff and the defendants, specifically finds (i) that the subject matter of the contract between the plaintiff and the defendant Bass, to wit: an internet sweepstakes business, was an illegal activity in violation of North Carolina law, against the public policy of this State, and cannot be enforced by the Court; (ii) that any reliance by the plaintiff on any
 
 *289
 
 misrepresentation or concealment of material facts by the defendant Bass in the formation of the contract was as a matter of law not reasonable; and (iii) that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law dismissing all claims.
 

 Plaintiff entered timely notice of appeal.
 

 II. Standard of Review
 

 At the outset, we note that the trial court granted both defendants' motions to dismiss pursuant to Rule 12(b)(6) as well as their motions for summary judgment pursuant to Rule 56. However, because the trial court considered matters outside of the pleadings, we limit our review to the trial court's ruling on defendants' motions for summary judgment as to all claims.
 
 See
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 205,
 
 254 S.E.2d 611
 
 , 627 (1979) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court.").
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones,
 

 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal,
 

 361 N.C. 519
 
 , 523-24,
 
 649 S.E.2d 382
 
 , 385 (2007) ). "A party moving for summary judgment satisfies its burden of proof (1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim."
 
 Belcher v. Fleetwood Enters., Inc.
 
 ,
 
 162 N.C. App. 80
 
 , 84,
 
 590 S.E.2d 15
 
 , 18 (2004) (citation omitted). "Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to set forth specific facts showing there is a genuine issue of material fact as to that essential element."
 

 Id.
 

 at 84-85
 
 ,
 
 590 S.E.2d at 18
 
 . "All facts asserted by the [nonmoving] party are taken as true ... and their inferences must be viewed in the light most favorable to that party[.]"
 
 Dobson v. Harris,
 

 352 N.C. 77
 
 , 83,
 
 530 S.E.2d 829
 
 , 835 (2000) (internal citations omitted).
 

 III. Analysis
 

 We now address the issue of whether the trial court erred in granting defendants' motions for summary judgment on plaintiff's claims for
 
 *290
 
 breach of contract and rescission, fraud, unfair and deceptive trade practices, and civil conspiracy.
 
 [2]
 

 A. Breach of Contract and Rescission
 

 In this portion of her brief, plaintiff focuses entirely on the trial court's finding that the subject matter of the contract at issue was illegal. She asserts that the Nash County business was not illegal as a matter of law, and that its legality was a genuine issue of material fact to be determined by a jury. Regarding her claim for rescission, plaintiff states simply that because her breach of contract claim should have been allowed to proceed, her rescission claim should likewise have been allowed to move forward.
 

 In an action for breach of contract, the complaint must allege (1) the existence of a contract between the parties, (2) the specific provisions breached, (3) the facts constituting the breach, and (4) the damages resulting
 
 *626
 
 to the plaintiff from the breach.
 
 Cantrell v. Woodhill Enterprises, Inc.
 
 ,
 
 273 N.C. 490
 
 , 497,
 
 160 S.E.2d 476
 
 , 481 (1968). "The [equitable] remedy of rescission, as opposed to the notion of damage, seeks to undo the transaction and return the parties to their original status."
 
 First Atl. Mgmt. Corp. v. Dunlea Realty Co.
 
 ,
 
 131 N.C. App. 242
 
 , 256,
 
 507 S.E.2d 56
 
 , 65 (1998). "The right to rescind does not exist where the breach is not substantial and material and does not go to the heart of an agreement."
 
 Wilson v. Wilson
 
 ,
 
 261 N.C. 40
 
 , 43,
 
 134 S.E.2d 240
 
 , 243 (1964).
 

 Because plaintiff has failed to meet her burden of showing that a genuine issue of material fact exists as to the essential elements of her breach of contract claim, we conclude that summary judgment on both claims was proper.
 

 In her complaint, plaintiff alleged only that "Defendants' failure to perform has resulted in a material breach of the contract entered into between the Plaintiff and the Defendants." Plaintiff acknowledges elsewhere in the record that she purchased the Nash County business on 30 July 2015, received all of the physical items she had expected to receive along with the purchase, and operated the business from 1 August 2015 until being shut down by law enforcement on 28 September 2015.
 

 *291
 
 Nowhere does plaintiff allege the specific provisions breached, nor a single fact constituting breach, by either defendant Bass or Boyd. Moreover, plaintiff has failed to show even the existence of a contract with defendant Boyd, who had no ownership interest in the Nash County business.
 

 Given these undisputed facts, the trial court did not err in granting defendants' motions for summary judgment on plaintiff's breach of contract and rescission claims.
 

 B. Fraud
 

 Plaintiff next contends that she sufficiently alleged each element of fraud, and that the trial court erred in finding her reliance on any misrepresentation or concealment of material facts by defendant Bass in the formation of the contract to be unreasonable as a matter of law.
 

 The essential elements of fraud are (1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; and made with intent to deceive; (3) which does in fact deceive; (4) resulting in damage to the injured party.
 
 Ragsdale v. Kennedy
 
 ,
 
 286 N.C. 130
 
 , 138,
 
 209 S.E.2d 494
 
 , 500 (1974). "Additionally, any reliance on the allegedly false representations must be reasonable."
 
 Forbis
 
 ,
 
 361 N.C. at 527
 
 ,
 
 649 S.E.2d at 387
 
 . "The reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion."
 

 Id.
 

 Here, the undisputed facts are "so clear that they support only one conclusion": that is, that any reliance by plaintiff on defendant Bass's failure to inform her of the notification of enforcement was unreasonable.
 

 At the time plaintiff purchased the Nash County business, she had owned and operated three similar businesses located in nearby counties for approximately three years. She had received three written notifications from law enforcement informing her that all three businesses were in danger of being shut down, and she had sought legal counsel regarding the legality of her gaming software and machines. Thus, when plaintiff entered into the purchase contract with defendant Bass, she was well aware of the risks involved in operating an internet sweepstakes business. In light of her knowledge and experience, plaintiff failed to exercise reasonable due diligence when she did not seek the opinion of law enforcement regarding the legality of the Nash County business prior to purchasing it. Additionally, plaintiff cannot show that her alleged damages were caused by either defendant, as her shut-down and arrest were based on software she had installed herself after being advised by her attorney that the same software was illegal.
 

 *292
 
 Because plaintiff failed to forecast sufficient evidence to support the reasonableness and causation elements of her fraud claim, we conclude that summary judgment on this claim was proper.
 

 C. Unfair and Deceptive Trade Practices
 

 "The elements for a claim for unfair and deceptive trade practices are (1)
 

 *627
 
 defendants committed an unfair or deceptive act or practice, (2) in or affecting commerce and (3) plaintiff was injured as a result."
 
 Phelps-Dickson Builders, L.L.C. v. Amerimann Partners,
 

 172 N.C. App. 427
 
 , 439,
 
 617 S.E.2d 664
 
 , 671 (2005) (citation omitted).
 

 Plaintiff's entire argument as to her claim for unfair and deceptive trade practices spans two paragraphs and consists of four sentences. The first paragraph sets forth the elements of the claim, and the second paragraph reads as follows:
 

 " 'Proof of fraud would necessarily constitute a violation of the prohibition against unfair and deceptive acts. [ ]' "
 
 Bhatti v. Buckland
 
 ,
 
 328 N.C. 240
 
 , 243,
 
 400 S.E.2d 440
 
 , 442 (1991) (quoting
 
 Hardy v. Toler
 
 ,
 
 288 N.C. 303
 
 , 309,
 
 218 S.E.2d 342
 
 (1975) ). Therefore, since it was error to dismiss [plaintiff]'s claims for breach of contract and fraud, it was likewise error to dismiss her claim for Unfair and Deceptive Trade Practices.
 

 Error will not be presumed on appeal. "Instead, the ruling of the court below in the consideration of an appeal therefrom is presumed to be correct."
 
 Beaman v. Southern R. Co.
 
 ,
 
 238 N.C. 418
 
 , 420,
 
 78 S.E.2d 182
 
 , 184 (1953) (citations and internal quotation marks omitted). Moreover, it is the appellant's burden to show error occurring at the trial court, and it is not the role of this Court to create an appeal for an appellant or to supplement an appellant's brief with legal authority or arguments not contained therein.
 
 See, e.g.,
 

 Eaton v. Campbell
 
 ,
 
 220 N.C. App. 521
 
 ,
 
 725 S.E.2d 893
 
 (2012) (dismissing appeal taken by
 
 pro se
 
 appellants who offered limited and unsupported arguments in requesting relief). Accordingly, if an argument contains no citation of authority in support of an issue, the issue will be deemed abandoned.
 
 See
 

 State v. Sullivan
 
 ,
 
 201 N.C. App. 540
 
 , 550,
 
 687 S.E.2d 504
 
 , 511 (2009).
 

 Because plaintiff has failed to submit any meaningful argument as to how the trial court erred in granting summary judgment on her unfair and deceptive trade practices claim, this issue is deemed abandoned on appeal.
 

 *293
 

 D. Civil Conspiracy
 

 Similar to her argument regarding unfair and deceptive trade practices, plaintiff's argument as to her claim for civil conspiracy relies entirely on her claim for fraud. Plaintiff vaguely asserts that defendants "agreed to commit this fraud" and that plaintiff was "greatly damaged" as a result.
 

 Because plaintiff has failed on appeal to submit any meaningful argument as to how the trial court erred in granting summary judgment on her civil conspiracy claim, this issue is also deemed abandoned.
 

 IV. Conclusion
 

 Plaintiff failed to meet her burden to set forth specific facts and forecast sufficient evidence of a genuine issue of material fact as to any of her claims. Accordingly, the order of the trial court granting defendants' motions for summary judgment on plaintiff's claims is hereby:
 

 AFFIRMED.
 

 Judges TYSON and ZACHARY concur.
 

 [1]
 

 Although the written "Agreement for Sale of Business" shows a total purchase price of $20,000.00, it is undisputed that plaintiff paid $20,000.00 by check and $480,000.00 in cash to defendant Bass.
 

 [2]
 

 Plaintiff's claim for punitive damages cannot stand alone.
 
 See
 

 Iadanza v. Harper
 
 ,
 
 169 N.C. App. 776
 
 , 783,
 
 611 S.E.2d 217
 
 , 223 (2005) ("If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." (quoting
 
 Hawkins v. Hawkins
 
 ,
 
 101 N.C. App. 529
 
 , 532,
 
 400 S.E.2d 472
 
 , 474 (1991),
 
 aff'd
 
 ,
 
 331 N.C. 743
 
 ,
 
 417 S.E.2d 447
 
 (1992) ) ).