An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-497

Filed 7 January 2026

Forsyth County, No. 24CVD005121-330

CHRIS BROWN, Plaintiff,

v.

TAKE 5 LLC, EB PARTNERS, LLC, QUICK LUBE OF CAROLINA, LLC and QUICK LUBE OF CAROLINA LAND, LLC, Defendants.

Appeal by plaintiff from order entered 12 November 2024 by Judge Carrie F. Vickery in Forsyth County District Court. Heard in the Court of Appeals 14 October 2025.

*D. Kevin Altman, for plaintiff-appellant.*

*Pinto Coates Kyre & Bowers, PLLC, by Aerin N. Hickey and Richard L. Pinto, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Chris Brown appeals from the trial court's order granting Defendants' motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. On appeal, Plaintiff argues, first, there is a genuine dispute as to whether there is personal jurisdiction; and, second, process and service

of process were legally sufficient. Upon review, we conclude Plaintiff abandoned his argument as to lack of personal jurisdiction, and we do not reach Plaintiff's second argument regarding process and service of process. As such, we affirm the trial court's order.

## I. Factual and Procedural Background

This appeal arises from an incident beginning with an oil change in Clemmons, North Carolina. According to Plaintiff, "[o]n or about December 31, 2023, [he] took [his] vehicle to Take 5 Oil Change to have the oil changed[,]" and "[t]he receipt [he] received at the time of payment identifies TAKE 5 OIL CHANGE as the entity [he] paid." Before he left the facility, Plaintiff's oil pressure light came on; subsequently, "[f]acilty personnel took the vehicle back in and 'made sure everything was tight.'" Within a week, the oil pressure light came on again, so Plaintiff took the vehicle back to the "Take 5 facility" so they could change the oil filter. Four days later, Plaintiff's vehicle's oil pressure light came on again, but this time, he took "the vehicle to Parkway Ford, whose service personnel advised that [] [P]laintiff's vehicle was 2-3 quarts low of oil." Plaintiff further alleged that, by the time he took the vehicle to Parkway Ford, "the engine had experienced damage that" was "catastrophic."

On 2 July 2024, Plaintiff filed a complaint in small claims court for money owed from the damages to his vehicle, naming Take 5 LLC; EB Partners, LLC; Quick Lube of Carolina, LLC; and Quick Lube of Carolina Land, LLC as defendants (collectively "Defendants"). Plaintiff proceeded with his suit in small claims court, and the

presiding magistrate dismissed his claim on 27 August 2024, indicating on the judgment that Plaintiff had "failed to prove the case by the greater weight of the evidence" and ordered the "action be dismissed with prejudice."

On 3 September 2024, Plaintiff appealed to the district court. On 23 October 2024, Defendants filed a Motion to Dismiss, asking the district court to dismiss the action for lack of personal jurisdiction, insufficient process, and insufficient service of process. In the Motion to Dismiss, Defendants asserted that "[n]one of the Defendants operate or have control of the premised location where the alleged car services took place[,]" and Plaintiff failed to name Quick Lube of Carolina Clemmons, LLC as a defendant.

With their Motion to Dismiss, Defendants submitted an affidavit from Wood Breeden, the owner of Quick Lube of Carolina Clemmons, LLC. In his affidavit, Breeden attested, in relevant part, the following:

> My company, QUICK LUBE OF CAROLINA CLEMMONS, LLC, is the Franchisee that owns and operates the premised location where Plaintiff received car services . . . .
>
> [] All named Defendants did not have control of the premised location where Plaintiff received car services prior to the vehicle being serviced at Parkway Ford as alleged in Plaintiff's Complaint.
>
> . . . .
>
> I have openly presented to Plaintiff, through my counsel, who the proper entity is and the name of the proper entity that performed the alleged car services . . . .

Defendants also attached a lease to their Motion to Dismiss, showing that Quick Lube of Carolina Clemmons, LLC, owned the premises where Plaintiff stated he took his vehicle.

Plaintiff then filed his own affidavit on 4 November 2024 alleging he emailed with a district manager at Quick Lube of Carolina, LLC; received a receipt that identified Take 5 Oil Change as the entity he paid; and had never conducted business with Quick Lube of Carolina Clemmons, LLC. Plaintiff attached a copy of the receipt and emails to his affidavit.

The district court heard Defendants' Motion to Dismiss on 7 November 2024. During the hearing, Plaintiff's counsel, discussing how he came to sue Defendants, explained his rationale for naming the designated entities:

> I named the entities that I could identify by correspondence with Mr. Brown from the Defendants and entities that were located within the Secretary of State's registration system. So that's why those entities are named.
>
> And the most important thing is the identification of the parties to a contract is a question of fact. We have a question of fact here. [Defendants' counsel] alleges that the proper party is Q[uic]k Lube of Carolina Clemmons, LLC. My client alleges that he never did business with anybody or anything that can be tied to Q[uic]k Lube of Carolina Clemmons, LLC. So that's in the affidavit in response.

The court questioned Plaintiff's counsel:

> THE COURT: [Counsel], can you help me understand how to puzzle my way through the lease that includes a ten-year time frame that covers the alleged date of the incident for

the property that he says that he went and did business at[?]

[PLAINTIFF'S COUNSEL]: I can't answer that question. The lease has nothing to do with my client. He's not a party to the lease.

THE COURT: I'm not suggesting he's a party to the lease, but doesn't it tell you, then, who is operating at that location?

[PLAINTIFF'S COUNSEL]: Not at the time that my client had his oil changed, no.

THE COURT: Are you saying that it occurred outside of the lease period?

[PLAINTIFF'S COUNSEL]: No, I'm not. I don't care when that lease was entered -- well, a better way to say it is, what the lease says is not relevant because my client's not a party to it. . . .

After considering the pleadings, the Motion to Dismiss, Breeden's affidavit, Plaintiff's affidavit, and arguments from the parties, the district court granted Defendants' Motion to Dismiss, explaining to Plaintiff, "[i]t sounds like you know who the correct corporate entity is . . . ." The district court entered its final written order on 12 November 2024, and Plaintiff timely appealed to this Court.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to review this appeal from a final judgment from a district court pursuant to N.C.G.S. § 7A-27(b) (2023).

## III. <u>Standard of Review</u>

As an initial matter, Plaintiff argues the wrong standard of review for a

personal jurisdiction claim, contending "[t]here is little case law specifically concerning the burden of proof or standard of review for a rule 12(b)(2) motion," and urging this Court to review the motion de novo, contending "available precedent suggests that [the standard of review is] substantially similar to those for 12(b)(6)[.]"

Our case law is clear. "When the parties have submitted affidavits and other documentary evidence, a trial court reviewing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) must determine whether the plaintiff has established that jurisdiction exists by a preponderance of the evidence." *Schaeffer v. SingleCare Holdings, LLC*, 384 N.C. 102, 106 (2023) (citation omitted). "When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 694 (2005) (citation and internal quotation marks omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Real Time Resols., Inc. v. Cole*, 293 N.C. App. 632, 635 (2024) (citation omitted).

"If the trial court chooses to decide the motion based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror." *Vlassis v. Nissan N. Am., Inc.*, 297 N.C. App. 560, 565 (2024) (citation omitted). "When the record contains no findings of fact, it is presumed that the court on proper evidence found facts to support its judgment." *Banc of Am.*

*Sec. LLC*, 169 N.C. App. at 694 (citation modified). Thus, when the "record contains no indication that the parties requested that the trial judge make specific findings of fact[,]" this Court must "presume that the trial judge made factual findings sufficient to support her ruling" and "review the record to determine whether it contains any evidence that would support the trial judge's conclusion that the North Carolina courts may exercise jurisdiction over defendants without violating defendants' due process rights." *Id.* at 695.

## IV. <u>Analysis</u>

On appeal, Plaintiff argues the trial court erred in granting Defendants' Motion to Dismiss. Specifically, Plaintiff argues that (A) there is genuine dispute as to personal jurisdiction, and (B) the process and service of process were legally sufficient. We disagree.

"[T]he plaintiff has the burden of proving prima facie that a statutory basis for jurisdiction exists." *Wyatt v. Walt Disney World Co.,* 151 N.C. App. 158, 162–63 (2002) (citation modified). "[I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and [the] plaintiff cannot rest on the allegations of the complaint." *Banc of Am. Sec. LLC*, 169 N.C. App. at 693 (citation modified). When this happens, the trial court "then considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit . . . . " *Id.* at 693–94.

Here, although Plaintiff filed a complaint against Defendants, the allegations in his complaint can no longer be taken as true where Defendants subsequently filed an affidavit. *See id.* at 693. Thus, we have two affidavits as evidence before the trial court—Plaintiff's affidavit and Defendants' affidavit—and, where the "trial court chooses to decide the motion based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror." *Vlassis*, 297 N.C. App. at 565 (citation omitted). Further, because the trial court made no findings of fact, and Plaintiff does not contend he requested findings of fact, we are bound to "presume that the trial judge made factual findings sufficient to support her ruling . . . ." *See Banc of Am. Sec. LLC*, 169 N.C. App. at 695. As such, our review is limited to determining whether the Record "contains any evidence that would support the trial judge's conclusion . . . ." *See id.*

Under our Rules of Appellate Procedure, an appellant's brief must include "[a]n argument, to contain the contentions of the appellant with respect to each issue presented"; and, within the body, the appellant must include "citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(b)(6) (2023). Moreover, "it is the appellant's burden to show error occurring at the trial court, and it is not the role of this Court to create an appeal for an appellant or to supplement an appellant's brief with legal authority or arguments not contained therein." *Thompson v. Bass*, 261 N.C. App. 285, 292 (2018). Consequently, when an appellant presents an argument but fails to cite applicable legal authority and thus violates

Rule 28(b)(6), the argument will be taken as abandoned. *See K2HN Constr. NC, LLC v. Five D Contractors, Inc.*, 267 N.C. App. 207, 213 (2019) ("This Court has routinely held an argument to be abandoned where an appellant presents argument without such authority and in contravention of [Rule 28(b)(6)]."); *see* N.C. R. App. P. 28(b)(6) (providing that "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned"); *see also Thompson*, 261 N.C. App. at 292 (deeming the issue on appeal as abandoned "[b]ecause [the] plaintiff [] failed to submit any meaningful argument as to how the trial court erred").

Here, Plaintiff argues that, "[v]iewed in the light most favorable to the plaintiff, the evidence presented to the district court creates a genuine dispute as to material facts that could entitle [][P]laintiff to a recovery." Plaintiff, in his brief, does not cite applicable legal authority for Rule 12(b)(2) motions, *see K2HN Constr. NC, LLC,* 267 N.C. App. at 213, nor does he present any "meaningful argument as to how the trial court erred" when it weighed the evidence, *see Thompson*, 261 N.C. App. at 292. Instead, he argues—without authority—that there is a genuine issue of fact; thus, his argument is abandoned. *See* N.C. R. App. P. 28(b)(6).

Even if we were to reach Plaintiff's argument that there is a genuine dispute as to personal jurisdiction, we discern evidence in the Record—Defendants' affidavit and lease evidence—to support the trial judge's decision where the trial judge acts as a juror, determining "the weight and sufficiency of the evidence presented[,]" *see Vlassis*, 297 N.C. App. at 565, and where we are to "presume that the trial judge made

factual findings sufficient to support her ruling[,]" *see Banc of Am. Sec. LLC*, 169 N.C. App. at 694.

Accordingly, Plaintiff's argument regarding the Record's lack of evidence to support the trial court's conclusion that there was no personal jurisdiction is deemed abandoned and is therefore dismissed. Thus, because Plaintiff's argument that there is personal jurisdiction is dismissed, we conclude the trial court did not err by dismissing for lack of personal jurisdiction. *See Thompson*, 261 N.C. App. at 292 (affirming the trial court after the plaintiff abandoned her arguments on appeal). As we conclude the trial court did not have personal jurisdiction over Defendants, there is no need for us to address Plaintiff's other arguments because the trial court must have personal jurisdiction over Defendants before it can substantively consider arguments. *See Time Warner Ent. Advance/Newhouse P'ship v. Town of Landis*, 228 N.C. App. 510, 514 (2013). Therefore, we affirm the trial court's order granting the Motion to Dismiss.

## IV. <u>Conclusion</u>

For the foregoing reasons, we affirm the trial court's order granting the Motion to Dismiss where Plaintiff abandoned his argument regarding personal jurisdiction, a requirement for the trial court to proceed with a lawsuit. We do not reach Plaintiff's additional arguments.

AFFIRMED.

Chief Judge DILLON and Judge GRIFFIN concur.

Report per Rule 30(e).